UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH FOSTER-BEY,

        Petitioner,

v.                                  CASE NO. 05-CV-71673-DT
                                    HONORABLE GERALD E. ROSEN

RAYMOND BOOKER,

        Respondent.
_____/

### ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner Kenneth Foster, has filed a *pro se* petition for a writ of habeas corpus alleging that he is being held in violation of his constitutional rights. Petitioner is currently incarcerated pursuant to his convictions on two counts of second-degree murder, which were imposed following a jury trial in the Recorder's Court for the City of Detroit in 1975. Petitioner was sentenced to concurrent terms of life imprisonment. Petitioner is challenging his life sentence and the Parole Board's policies in reviewing his eligibility for parole. Petitioner has filed prior habeas petitions in federal court challenging his convictions and the denial of parole. For the following reasons, this Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996. The AEDPA amended 28 U.S.C. §§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts. These

amendments change the standards and procedures that federal courts must apply when faced with second or successive petitions for writs of habeas corpus.  An individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998).  This requirement transfers to the court of appeals a screening function which the district court previously performed.  *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner has filed a prior habeas petition challenging the same convictions at issue in the instant petition, which was denied.  *See Foster v. Jabe*, No. 90-60304 (E.D. Mich. Oct. 7, 1993) (LaPlata, J.).  He has also filed a prior habeas petition challenging the use of parole grid scores as they relate to lifers, which was denied.  *See Foster v. Michigan Dep't. of Corr.*, No. 93-72158 (June 29, 1994).  Petitioner has neither sought nor obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

The Court  **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the

_____

[1]28 U.S.C. § 1631 provides in pertinent part that:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  May 25, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 25, 2005, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

3